UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GONDOLIER PIZZA OF LENOIR CITY, INC., )
and GONDOLIER PIZZA OF CEDAR BLUFF, )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )   No.:  3:07-cv-92
                                      )        (VARLAN/GUYTON)
CHASE PAYMENTECH SOLUTIONS, LLC,      )
and POSTEC, INC.,                     )
                                      )
            Defendants.               )

## MEMORANDUM OPINION

This is an action brought by two separate Tennessee corporations, Gondolier Pizza of Lenoir City, Inc., and Gondolier Pizza of Cedar Bluff, against Chase Paymentech Solutions, LLC,[1] which is an entity that provides credit card processing for the customers of the two plaintiffs who make purchases with credit cards. Plaintiffs' complaint also makes negligence and misrepresentation claims against defendant Postec, Inc., which was hired to install and maintain software and applicable programs that complied with Visa and Mastercard rules and regulations. Currently pending is the motion of Paymentech to dismiss for improper venue pursuant to Rule 12(b)(3), or for change of venue [Doc.5].

---

[1] Plaintiffs have incorrectly designated Chase Paymentech Solutions, LLC, as a defendant. That entity is a holding company. The party with whom the plaintiffs had the agreement referenced in the complaint is actually Paymentech, LP.

I.

*Factual Background*

George Kitsos of Gondolier Pizza of Cedar Bluff entered into a Merchant Application and Agreement with Paymentech through its sales representative, Michael Sanz. *See* Court File #5, Ex. A. The document is signed on the second full page of the agreement by Mr. Kitsos on behalf of Gondolier Pizza of Cedar Bluff. *Id.* at p.2. There is no mention of Gondolier Pizza of Lenoir City anywhere in the application. Attached to the application submitted by Paymentech are seven pages of what can only be described as fine print boilerplate language. Contained therein is a forum selection clause identifying the State of Texas as the only forum for any dispute. *Id.* at p.8. Mr. Kitsos denies that when Mr. Sanz presented him with the Merchant Application there were any documents attached to it or that he ever signed any Paymentech terms and conditions. Nor does he ever recall reading or seeing any provisions, terms or conditions that required any lawsuit against Paymentech to be filed in Texas. *See* Court File #13, Ex. A. Paymentech has submitted the affidavit of its Sales Director of Mid Market, who states that it was Paymentech's practice and the practice followed by Mr. Sanz to have the merchant fill out a Merchant Application and retain the terms and conditions connected to that Merchant Application. *See* Affidavit of Allen Lambert, Court File #5, Ex. A.

Beginning on the third and continuing onto the fourth page of the purported Terms and Conditions appear the following:

16.10 **Governing Law; Waiver of Jury Trial; Arbitration.** This Agreement will be governed by and construed in accordance with the laws of the State of Texas without reference to conflict of law provisions. Any action, proceeding, arbitration or mediation relating to or arising from this Agreement must be brought, held, or otherwise occur in the federal judicial district that includes Dallas County, Dallas, Texas. PLEASE READ THIS PROVISION CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. Any claim, dispute or controversy ("Claim") by either you or Paymentech against the other or against the employees, agents, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to this Agreement or to our relationship, including claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved exclusively and finally by binding arbitration administered by the National Arbitration Forum, under its Code of Procedure in effect at the time the Claim is filed, except as otherwise provided below. All Claims are subject to arbitration, no matter what theory they are based on or what remedy they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law. Claims and remedies sought as part of a class action, private attorney general, or other representative action are subject to arbitration by an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis. You and Paymentech will agree on another arbitration forum if the National Arbitration Forum ceases operations. The arbitration will be conducted before a single arbitrator and will be limited solely to the Claim between you and us. The arbitration, or any portion of it, will not be consolidated with any other arbitration and will not be conducted on a class-wide or class action basis. If either party prevails in the arbitration of any Claim against the other, the non-prevailing party will reimburse the prevailing party for any fees it paid to the National Arbitration Forum in connection with the arbitration, as well as for any reasonable attorneys' fees incurred by the prevailing party in connection with such arbitration. Any decision rendered in such arbitration proceedings will be final and binding on the parties, and judgment may be entered in a court of competent jurisdiction. Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, [www.arbforum.com](http://www.arbforum.com), or P. O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371. Any arbitration hearing at which you

appear will take place at a location within the federal judicial district that includes Dallas, Texas. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16. This arbitration agreement applies to all Claims now in existence or that may arise in the future. Nothing in this agreement shall be construed to prevent any party's use of (or advancement of any Claims, defenses or offsets in) bankruptcy or repossession, replevin, judicial foreclosure or any other prejudgment or provisional remedy relating to any collateral, security or other property interest for contractual debts now or hereafter owed by either party to the other. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO LITIGATE CLAIMS IN A COURT BEFORE A JUDGE OR A JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN LITIGATION FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS), BUT EXCEPT AS OTHERWISE PROVIDED ABOVE, THOSE RIGHTS, INCLUDING ANY RIGHT TO A JURY TRIAL, ARE WAIVED AND ALL CLAIMS MUST NOW BE RESOLVED THROUGH ARBITRATION.

*See* Ex. A to Court File #5.

Defendant Paymentech contends that this action should be dismissed or venue transferred to the United States District Court in Dallas, Texas, because of the forum selection provision of the above section.

II.

*Forum Selection Clauses*

Under Texas law, forum selection clauses are generally valid and enforceable. *Accelerated Christian Education, Inc. v. Oracle Corporation*, 925 S.W.2d 66, 70 (Tex. Ct. App. 1996). Under Tennessee law, forum selection clauses are "*prima facie* valid and should be enforced unless the party resisting application of the clause can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such

4

reasons as fraud or overreaching." *Carefree Vacations, Inc. v. Brunner*, 615 F. Supp. 211, 213 (W.D. Tenn. 1988).

III.

*Analysis*

For several reasons, the Texas forum selection clause cannot be enforced in this case. First, the lawsuit arises out of the relationship between two separate entities, Gondolier Pizza of Lenoir City and Gondolier Pizza of Cedar Bluff, and Paymentech. Even assuming the validity of the terms of the agreement, Paymentech's agreement was only with the Cedar Bluff entity and not the Lenoir City entity. There would be no way to enforce the agreement with respect to the Lenoir City entity. Second, the Postec Company is also a defendant and there would be no way to enforce a forum selection clause against it since it is not a party to the agreement. Third, Mr. Kitsos's affidavit is the only admissible evidence presented with respect to the execution of the agreement, and he claims that he was not presented with the pages which contain the forum selection clause. The record does not contain the affidavit of Mr. Sanz, who was the representative of Paymentech when the document was signed. Fourth, the transactions in this case have no connection to the State of Texas, nor is there any evidence that plaintiffs or defendant Postec would be subject to personal jurisdiction in Texas. Finally, as indicated above, the forum selection clause is contained in seven pages of fine print boilerplate language which in no way draws attention to itself. Under the circumstances, it would be unreasonable and unjust to enforce the Texas forum selection provision.

## IV.

### *Conclusion*

In light of the foregoing, Paymentech's motion to dismiss or for a change of venue [Court File #5] will be denied.

Order accordingly.

                                             s/ Thomas A. Varlan
                                             UNITED STATES DISTRICT JUDGE